UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JASON MICHAEL MUSSEHL,                        Civil File No. 06-2986 (MJD/JJG)

      Plaintiff,

v.                                            REPORT AND RECOMMENDATION

ST. PAUL POLICE DEPT., et al.,

      Defendant.

Plaintiff, an inmate at the Minnesota Correctional Facility in Rush City, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915A(b)(1).

## I. BACKGROUND

Plaintiff's complaint indicates that he is attempting to sue a Defendant identified as "St. Paul Police Dept." The caption of the complaint includes the term "et al.," which suggests that

---

[1] Plaintiff did not tender the statutory filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff has paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1), so the matter is presently ripe for initial screening under § 1915A.

Plaintiff may be attempting to sue someone else as well, but the complaint itself sheds no light on who (if anyone) that might be.

The substantive allegations pleaded in Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "On or about August 30th, 2002 and while I was sleeping at a friend's home; 876 Cook Ave. St. Paul, MN 55106, [ ¶ ] 1. I was attacked by a police dog. [ ¶ ] 2. The officer responsible for this dog had no search warrant to enter this home. [ ¶ ] 3. And, I was hurt due to this officers [sic] error's [sic] and lack of respect for peoples right's [sic] and the law. [ ¶ ] 4. Proceedure's [sic] were not followed."

Although the complaint does not describe any specific injury that Plaintiff has suffered, he is seeking a judgment in the amount of $225,000.00.

## II. DISCUSSION

Because Plaintiff is a prisoner who is trying to sue a purported governmental agency, (i.e., the St. Paul Police Department), his pleading is subject to the initial screening procedures prescribed by 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental defendants "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed.  28 U.S.C. § 1915A(b)(1).

In this case, Plaintiff has failed to state any cause of action on which relief can be granted, because the only Defendant named in his complaint, "St. Paul Police Department,"

is not a cognizable legal entity that can be sued as such. A municipal police department is simply not a "suable entity;" it is merely a part of some larger municipal government, and has no separate legal existence by itself. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992), ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable as such[;] [t]hey are simply departments or subdivisions of the City government"); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (same); Ricketts v. City of Hartford, 74 F.3d 1397, 1400 n. 1 (2nd Cir.) (same), cert. denied, 519 U.S. 815 (1996).

Because the "St. Paul Police Department" is not a suable entity, Plaintiff's complaint fails to state an actionable claim for relief against the only named Defendant in this case.[2] Thus, the Court concludes that Plaintiff's complaint fails to state any cause of action on which relief can be granted, and, accordingly, that this action must be summarily dismissed pursuant to § 1915A(b).

---

[2] The Court cannot construe the complaint as an attempt to sue any party that Plaintiff might have had in mind when he added the term "et al." to the caption of his complaint, because there is no way of knowing who else (if anyone) Plaintiff might actually be trying to sue. To state an actionable claim against some other party, Plaintiff would have to identify that party, and explain exactly why that party supposedly should be liable to Plaintiff. Even if Plaintiff's complaint did adequately identify some other party that he was attempting to sue, his claims against that other party would have to be summarily dismissed, because he has not pleaded any facts that could support any claim against any other party. See Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (complaint must allege facts showing each "individual defendant's personal involvement or responsibility" for some alleged violation of the plaintiff's rights); see also Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law") (emphasis added); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions") (emphasis added).

The Court will also recommend that Plaintiff's IFP application, (see fn. 1, supra), be denied, because his complaint fails to state an actionable claim. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[3] He has paid only $42.00 so far, so he still owes $308.00. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). The Court will further recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

### III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

    3.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $308.00, in accordance with 28 U.S.C. § 1915(b)(2); and

    4.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: July 19, 2006                              s/Jeanne J. Graham

                                                    JEANNE J. GRAHAM
                                                    United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 8, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.